IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JAMIE ODENWELDER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | NO. 17-584 |
| NANCY A. BERRYHILL, | : | |
| Acting Commissioner of the | : | |
| Social Security Administration, | : | |
| Defendant. | : | |

## REPORT AND RECOMMENDATION

DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE                                        August  10, 2017

This action was brought pursuant to 42 U.S.C. § 405(g) seeking judicial review of the final decision of the Acting Commissioner of the Social Security Administration (the "Commissioner"), which granted in part and denied in part the application of Jamie Odenwelder ("Odenwelder" or "Plaintiff") for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, 42 U.S.C. §§ 301, *et seq.* (the "Act").[1]  Following the initial pleadings, and pursuant to the procedural order entered by the Court, the Commissioner lodged a copy of the administrative record on April 27, 2017.  On May 31, 2017, Plaintiff filed her brief in support of her request for review, and Defendant's responsive brief would have been due on June 30, 2017.  The Court referred this matter for preparation of a Report and Recommendation on June 28, 2017, and re-assigned its referral from the docket of one of my colleagues to me on August 2, 2017.

---

[1] The ALJ found that Plaintiff became disabled on her alleged onset date but concluded that her disability ended at a date prior to the administrative hearing.  That is, the ALJ found her disabled for a closed period of time only.  Plaintiff contends in her brief that she has remained disabled. *See* Doc. 9 at 2-3.

The Commissioner has not filed a brief in opposition to Plaintiff's request for review but rather, on June 28, 2017, moved for a remand of this case pursuant to the fourth sentence of 42 U.S.C. § 405(g). (Doc. 10.) Defendant represents that, "[u]pon further review, the Commissioner has determined that further evaluation of Plaintiff's claim is warranted." (*Id.* ¶ 2.) Defendant seeks an Order remanding the case for the purpose of permitting further action by the Commissioner. (*Id.* at 2.) She represents that "[u]pon remand, the Appeals Council will further evaluate Plaintiff's claim and/or direct an administrative law judge to further evaluate Plaintiff's claim and issue a new decision." (*Id.* ¶ 3.) Counsel for Defendant obtained the consent of Plaintiff's counsel for this motion to remand, (*id.* ¶ 6), and Plaintiff has not filed any opposition to Defendant's motion.

While the basis for Defendant's decision to grant further review is not detailed in the motion, we accept that Plaintiff, through her counsel, has made an informed decision to consent to a remand on the terms articulated by Defendant in her motion. We see no reason to recommend that the Court do anything other than what the parties have requested. Our recommendation follows.

## RECOMMENDATION

AND NOW, this    10th        day of August, 2017, in light of Defendant's Uncontested Motion to Remand (Doc. 10), it is respectfully **RECOMMENDED** that the Court remand this case for further administrative proceedings pursuant to the Fourth Sentence of 42 U.S.C. § 405(g) and enter a final judgment.

BY THE COURT:

 /s/ David R. Strawbridge, USMJ
DAVID R. STRAWBRIDGE
UNITED STATES MAGISTRATE JUDGE